IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RAMON PONCE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>)<br>CHRISTOPHER G. POWELL )<br>)<br>Respondent. )<br>)<br>)<br>_____ ) | 1:06-CV-01227 AWI WMW HC<br><br>ORDER GRANTING<br>RESPONDENT'S MOTION TO<br>DISMISS AND DIRECTING<br>CLERK TO ENTER<br>JUDGMENT AND CLOSE<br>CASE |

    Petitioner is a federal prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2241.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

    On October 17, 2006,  the court entered findings and recommendations recommending that this petition be granted and Respondent be ordered to consider the appropriateness of transferring Petitioner to an RRC in light of the factors set forth in Section 3621(b), not excluding any factors deemed appropriate by the BOP, without reference to the BOP policy promulgated in December 2002 and without reference to the BOP's February 14,

2005 amendment to 28 C.F.R. § 570.21.

In response, on November 15, 2006, Respondent filed a motion to dismiss the petition as moot. In his motion, Respondent explains that the BOP has evaluated Petitioner "without reference to the time constraints imposed by 28 CFR § 570.20-21 or the 2002 and 2005 Community Corrections Policies." Respondent argues that because Petitioner has now received the relief he sought, his petition should be dismissed as moot. Petitioner has not opposed or otherwise responded to Respondent's motion.

The case or controversy requirement of Article III of the federal Constitution deprives the Court of jurisdiction to hear moot cases. Iron Arrow Honor Soc'y v. Heckler, 464 U.S. 67, 70 (1983); NAACP., Western Region v. City of Richmond, 743 F.2d 1346, 1352 (9th Cir. 1984). A case becomes moot if the "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." Murphy v. Hunt, 455 U.S. 478, 481 (1984). The Court has no power to decide a case that does not affect the rights of litigants in the case before it. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-478 (1990); Defunis v. Odegaard, 416 U.S. 312, 316 (1974); Mitchell v. Dupnik, 75 F.3d 517, 527-28 (9th Cir. 1996). In other words, a petitioner must have suffered an actual injury that is traceable to the respondent and can be redressed by a favorable judicial decision. Spencer v. Kemna, 118 S.Ct. 978, 983 (1998); Iron Arrow, 464 U.S. at 70; NAACP, Western Region, 743 F.2d at 1353. The court finds that in light of the evaluation given Petitioner, his request for relief has become moot.

The mootness rule is subject to a "capable of repetition yet evading review" exception. See Nebraska Press Assn. V. Stuart, 427 U.S. 539, 546 (1976); GTE California, INC v. Federal Communications Comm'n, 39 F.3d 940, 945 (1994). The exception is met when: (1) the "duration of the challenged conduct is too brief ever to be fully litigated prior to its cessation;" and (2) there is a reasonable probability that the petitioner will again be subject to the challenged activity. Mitchell, 75 F.3d at 528; GTE California, 39 F.3d at 945; see also

County of Los Angeles v. Davis, 440 U.S. 625, 631 (1979). The court finds that there does not exist a reasonable probability that Petitioner will again be subject to the activity challenged in this case. Therefore, the "capable of repetition yet evading review" exception does not apply in this case.

        Based on the foregoing, IT IS HEREBY ORDERED as follows:

1) Respondent's motion to dismiss this petition for mootness is GRANTED;

2) This petition is DISMISSED as moot;

3) The Clerk of the Court is directed to enter judgment for Respondent and to close this case.

IT IS SO ORDERED.

**Dated:  December 21, 2006**           /s/ Anthony W. Ishii
0m8i78                      UNITED STATES DISTRICT JUDGE

3